UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PANDA ENERGY INTERNATIONAL, INC., et al., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 3: 03-CV-2692-B ECF |
| CALPINE CORPORATION, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion for Leave to Amend First Amended Complaint (doc. 89), filed October 24, 2005. Plaintiffs move the Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend their pleadings in this case. After review of the pleadings and arguments, the Court **DENIES** Plaintiffs' Motion.

The deadline for amending pleading in this case expired on May 6, 2005 per this Court's March 24, 2005 scheduling order. Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure, not Rule 15. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Pursuant to Rule 16, a scheduling order should not be modified unless there is a showing of good cause. *See S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."); FED. R. CIV. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the

district judge . . ..").  Plaintiffs do not discuss Rule 16(b) in their briefing, instead base their arguments on Rule 15(a)'s more liberal amendment standard.  FED. R. CIV. P. 15(a) (leave to amend "shall be freely given when justice so requires").  Rule 15(a), however, only comes into play once the moving party has demonstrated good cause under Rule 16(b).  *S&W Enters.*, 315 F.3d at 536.

"The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, 2004 WL 1243151, at * 2 (N.D. Tex. June 4, 2004).  A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause.  Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)).  The Fifth Circuit employs the following four-part test when evaluating whether a district court has abused its discretion in refusing to modify a scheduling order: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters.*, 315 F.3d at 536.

Plaintiffs argue that they were unable to conduct any discovery in this case until recently, due to the automatic stay imposed by the Private Securities Litigation Reform Act. *See* 15 U.S.C. § 78u-4(b)(3) (1997 & Supp. 2005).  As a consequence, they maintain it was only recently that they learned of the new information which they now wish to include in their Complaint.  On the other hand, Defendants persuasively argue that much of the information which Plaintiffs claim to have recently uncovered was available to Plaintiffs six months ago.  More importantly, Defendants posit that the information forming the basis for the proposed amended pleading was "no secret" rather has

been "widely known and reported for years." (Defs.' Opp. at 3-4)

The Defendants also argue that they will be prejudiced by the amendment. The Court agrees. This case was filed on November 5, 2003. The Court vacated the original pleading deadline of January 1, 2005, and reset the deadline for May 6, 2005. Thus, Plaintiffs' Motion comes almost two years after the case was filed and over five months after the pleading deadline passed. Plaintiffs have been permitted to amend their Complaint once already. The Court thereafter conducted an in-depth review of the pleadings and after a hearing on August 15, 2005, entered an order on September 28, 2005 finding the pleadings legally deficient in several respects. This case is set for trial in May 2006, and dispositive motions are due in January 2006. To permit Plaintiffs to amend now would unduly delay these proceedings and prejudice Defendants. A continuance would only add to the expense and delay. Plaintiffs have failed to establish good cause for the amendment, and the Court will not allow an untimely amendment at this stage of the case. Thus, for the foregoing reasons, the Court **DENIES** Plaintiffs' Motion.

**SO ORDERED**.

**SIGNED November 17th, 2005**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE